```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ANIBAL K. QUINONES,                                              :
                                                                 :
                              Plaintiff,                         :
                                                                 :         19-cv-5400 (LJL)
         -v-                                                     :
                                                                 :              ORDER
NEW YORK CITY, et al.,                                           :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/2020

LEWIS J. LIMAN, United States District Judge:

    Currently pending is a motion to dismiss *pro se* plaintiff Anibal K. Quinones' complaint, which brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1983 against Defendants New York City (the "City") and Corrections Officer Artisha Bishop ("Bishop"). Plaintiff claims that, while in City custody at the Manhattan Detention Complex, his First Amendment right to free speech was violated by a work supervisor who did not permit him to speak in Spanish during his job in the kitchen, and that, after he filed a grievance about this, he was fired from his kitchen job for discriminatory and/or retaliatory reasons. Defendants have moved to dismiss the claims for failure to state a claim.

    Before the Court is the August 17, 2020 Report and Recommendation of the Hon. Debra Freeman, United States Magistrate Judge, recommending that the Court grant the motion to dismiss but permit Plaintiff to amend his complaint. Dkt. No. 30.

## DISCUSSION

    When reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to a report and recommendation, "the

court is required to conduct a de novo review of the contested sections." *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, when a party does not raise an objection, the "court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citing Fed. R. Civ. P. 72 advisory committee's note (b)). "This is so even in the case of a pro se petitioner." *Perez v. Mason Tenders Dist. Council Tr. Funds*, 2017 WL 5125542, at *2 (S.D.N.Y. Nov. 1, 2017), *aff'd*, 742 F. App'x 584 (2d Cir. 2018); *see also Ziga v. Int'l Ctr. for Transitional Justice, Inc.*, 821 F. App'x 49, 50 (2d Cir. 2020) (affirming district court decision that "reviewed some aspects of the R&R for clear error and some under de novo review").

On September 22, 2020, the Court directed the Clerk of Court to mail a copy of the Report and Recommendation to Plaintiff at his new residential address and granted Plaintiff forty-five (45) days from service of the Report and Recommendation to file written objections. Dkt. No. 31. As no party has submitted objections to the Report and Recommendation, review for clear error is appropriate.

The Court has reviewed the Report and Recommendation and finds no facial error in its conclusion that Plaintiff fails to plead a Title VII violation and in its conclusions with respect to the Section 1983 claims. The Court declines to consider the alternative basis for dismissal of Plaintiff's Title VII claim—that Plaintiff cannot be considered a City "employee" pursuant to Title VII—given its adoption of the recommendation that Plaintiff's Title VII claim should be dismissed on the merits.

The Court also adopts Judge Freeman's recommendation that the Title VII claim, the Section 1983 claims against the City, and the Section 1983 claim against Bishop as it pertains to

Bishop's personal involvement in Plaintiff's termination are all dismissed without prejudice to Plaintiff filing an amended complaint.

## CONCLUSION

Having reviewed the Report and Recommendation for clear error, I hereby ADOPT the Report and Recommendation to the extent it recommends granting dismissal of the action without prejudice for the reasons contained herein.  I express no views on the recommendation that the action be dismissed with prejudice and will permit Defendants to renew their arguments that Title VII does not apply in a correctional setting should an amended complaint be filed.

Plaintiff shall have forty-five (45) days of this Order to file an amended complaint with additional factual allegations supporting his Title VII and Section 1983 claims, as described by the Report and Recommendation.  If Plaintiff makes no such amendment, the Court will close the case.

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and to close Dkt. No. 23.

SO ORDERED.

Dated: November 23, 2020
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge

3