```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ANIBAL K. QUINONES,                                              :
                                                                 :
                        Plaintiff,                               :
                                                                 :           19-cv-05400 (LJL)
         -v-                                                     :
                                                                 :              ORDER
NEW YORK CITY et al,                                             :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/3/2022

LEWIS J. LIMAN, United States District Judge:

On July 26, 2022, Magistrate Judge Valerie Figueredo issued a Report and Recommendation recommending that the Court grant Defendants' renewed motion to dismiss Plaintiff's hostile workplace, free speech, and retaliation claims with prejudice and Plaintiff's Equal Protection Clause claim without prejudice.  Dkt. No. 41.  Magistrate Judge Figueredo advised the Plaintiff that he had seventeen (17) days to file written objections to the Report and Recommendation and that Defendants had fourteen (14) days to file written objections to the Report and Recommendation.  No such objections have been filed.

In reviewing a Magistrate Judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties are given the opportunity to raise timely objections to the report and recommendation within fourteen (14) days.  *Id.*  The Court reviews any portion of the report subject to an objection *de novo*; however, in the absence of any objection, the Court reviews the report and recommendation only for clear error.  Fed. R. Civ. P. 72(b) Advisory Committee Notes; *Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018).

The Court has reviewed the record and the Report and Recommendation for clear error and finds none, although clarifies why Plaintiff's Equal Protection Clause claim must be dismissed as it is currently pled.  Plaintiff's Equal Protection Clause claim is based on allegations in his second amended complaint that his work supervisor did not allow him and other individuals of "Hispanic" descent to communicate with one another in Spanish while they worked a shift in the kitchen of the Metropolitan Detention Center ("MDC").  Dkt. No. 36 at ECF p. 1–3.  Plaintiff alleges that he felt that his supervising officer "was discriminating against [him] because of [his] nationality and [his] race."  *Id.* at ECF p. 3.

"Hispanics as an ethnic group do constitute a suspect class for the purpose of equal protection analysis."  *Soberal-Perez v. Heckler*, 717 F.2d 36, 41 (2d Cir. 1983).  However, the conduct alleged by Plaintiff—*i.e.*, barring inmates from speaking Spanish while working in the kitchen—does not necessarily "make any classification with respect to Hispanics as an ethic group."  *Id.*  Instead, this alleged conduct may reflect a policy against the use of non-English language in the MDC kitchen.  In such a case, "[a] classification [would] implicitly [be] made, but it is on the basis of language, *i.e.*, English-speaking versus non-English-speaking individuals, and not on the basis of race, religion or national origin."  *Id.*  And, "[l]anguage, by itself, does not identify members of a suspect class."  *Id.*

Accordingly, to state a claim that such conduct violates the Equal Protection Clause, Plaintiff must proffer additional facts either supporting that this policy was, in fact, made on the basis of Plaintiffs' race or nationality, not language (*e.g.*, if other non-Hispanic inmates were allowed to speak non-English languages while working in the MDC kitchen, then a classification would be made based on an ethnic group), or that this policy, while facially neutral, reflected "an intent to discriminate against the suspect class."  *Id.* at 42.  Here, while Plaintiff alleges that this

policy reflected an intent to discriminate against him based on his "nationality" and his "race," Dkt. No. 36 at ECF p. 1–3, these allegations are conclusory and thus insufficient to raise a right to relief under the Equal Protection Clause.  *See Pagan v. Gagne*, 2022 WL 1239952, at *4 (D. Conn. Apr. 27, 2022) (dismissing pro se plaintiff's equal protection claim because "[p]laintiff has not alleged facts to support his conclusory contention that Defendants' decisions about his mental health care were motivated by a discriminatory animus against Hispanic individuals"); *Williams v. Richardson*, 425 F. Supp. 3d 190, 201 (S.D.N.Y. 2019) ("[D]ismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations.").  Plaintiff's Equal Protection Claim therefore is dismissed without prejudice so that Plaintiff may plead additional facts plausibly showing differential treatment among inmates based on their race or nationality or that his work supervisor or some other defendant acted with discriminatory intent.

With this additional clarification, the Court hereby ORDERS that the Report and Recommendation is ADOPTED and GRANTS Defendants' renewed motion to dismiss Plaintiff's hostile workplace, free speech, and retaliation claims with prejudice and Plaintiff's Equal Protection Clause claim without prejudice.

Plaintiff has sixty (60) days to file an amended complaint consistent with this Order.  If Plaintiff does not file an amendment within that time period, the Court will dismiss the complaint and close the case.

SO ORDERED.

Dated: October 3, 2022
New York, New York

_____
LEWIS J. LIMAN
United States District Judge